Caruthers, J.,
delivered the opinion of the Court:
A petition was filed in the County Court oí Smith, by Antha Dawson, for dower in the land of her deceased husband, William Dawson, against his administrator and heirs, who made no resistance. An affidavit was filed by W. T. Williams, setting forth that he had purchased the land of the deceased, paid the consideration, and was put into possession, which he held at the time of the death, and still holds under his purchase. His contract, he says, was not reduced to writing, but rests in parol. Proof of the parol sale, and the payment of a part or all the consideration, and the possession for more than a year before, and at the death of Dawson, is proved by witnesses. The County Court dismissed the petition, but on appeal, it was granted by the Circuit Court, from which there is an appeal to this Court by Williams alone.
The only question is, does a parol sale, with the delivery of possession by the deceased, exclude the widow’s right to dower. We think clearly not. The sale is utterly void. It passes no title to the vendee, but it remains in the vendor as before. The latter was then the owner of the land at the time of his death, and his widow was entitled to dower.—Act of 1784, ch. 22, § 8, Car. & Nich., 262. The pretended vendee was a creditor toi the extent of the *318 consideration paid, and nothing more. But the right to dower is paramount to that of a creditor.—4 Yerg., 218. The fact that the debt arose on account of the payment of money upon a void sale of the land can make no difference, as it is not a lien upon the land. It would be otherwise when the debt was a lien, as in case of a debt due to vendor of land for part of the consideration, or a debt secured by mortgage upon the land. Under such circumstances, a widow would be only entitled to dower out of so much of the land as might remain after discharging the lien debt. But, it is said, he did not die in the possession of this land, but that the same was held by another. The seisin remained in him, as he had not parted with his title or right to the possession, but could at any time recover it. The occupation of Williams was by consent, and at sufferance. The void parol purchase did not even give him a defensive right.
Dawson was then “ seized” of the land, in the language of the statute; that is, he was the owner of it at the time of his death, and the petitioner is entitled to her dower.
There is no doubt of the jurisdiction of the County Court, and the propriety of ordering a writ of possession in favor of the widow when her dower is assigned.
The decree of the Circuit Court will be affirmed, and the case remanded for the execution of the decree.